ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| JEAN MICHAEL BODNER VERGARA<br><br>Parte Recurrida<br><br>v.<br><br>CYNTHIA SUHEIL DEL VALLE GARCÍA<br><br>Parte Peticionaria | KLCE202400481 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Canóvanas<br><br>Civil Núm.: CN2019RF00015<br><br>Sobre: Ruptura Irreparable |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de mayo de 2024.

Comparece ante este Tribunal, la Sra. Cynthia Suheil Del Valle García (Sra. Del Valle García) y nos solicita que revisemos la *Resolución* emitida y notificada el 1 de abril de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Canóvanas. Mediante el referido dictamen, el TPI declaró No Ha Lugar la solicitud de *Relevo de Resolución* presentada por la Sra. Del Valle García y le impuso honorarios de abogados por temeridad, ascendentes a $700.00.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari*.

## I.

Surge del expediente que, el 24 de junio de 2019, el Sr. Jean Michael Bodner Vergara (Sr. Bodner Vergara), presentó una demanda sobre divorcio por la causal de ruptura irreparable, custodia y patria potestad compartida sobre los dos menores

procreados entre las partes.[1] En su petición, informó que se encontraba pagando $700.00 dólares en concepto de pensión alimentaria.

La Sra. Del Valle García presentó su *Contestación a Demanda* el 10 de septiembre de 2019, en la cual, entre otras cosas, solicitó el pago de $4,000.00 dólares en concepto de la venta de un vehículo marca BMW que vendió el Sr. Bodner Vergara y el aumento en la cantidad de la pensión alimentaria que el Sr. Bodner Vergara sufragaba, de $2,376.00 mensual a $3,376.00 alegando que no era suficiente para cubrir todas las necesidades de sus hijos menores de edad junto a las cargas económicas que conllevaba el sustento de un hogar.[2] El 10 de octubre de 2019, el TPI declaró roto y disuelto el vínculo matrimonial que unía al Sr. Bodner Vergara y a la Sra. Del Valle García.[3] En cuanto a la custodia y la patria potestad, el foro primario determinó que la custodia provisional de los menores la tendría la Sra. Del Valle García y la patria potestad sería compartida. Referente a las relaciones paternofiliales, el TPI concluyó que se llevarían a cabo provisionalmente en fines de semanas alternos. Finalmente, en cuanto a la pensión alimentaria, el Sr. Bodner Vergara debía pagar la cantidad de $1,124.00 mensuales.[4]

Posteriormente, el 5 de diciembre de 2022, el Sr. Bodner Vergara presentó una nueva *Demanda* ante el TPI, sobre liquidación de la sociedad legal de gananciales producto de su matrimonio con la Sra. Del Valle García. En la demanda, solicitó al foro primario, entre otras cosas, los créditos a su favor por haber asumido

---

[1] Apéndice, págs. 3-6.
[2] Apéndice, págs. 7-32.
[3] Véase, la entrada Núm. 51 (*Sentencia*), del expediente digital del Caso Núm. CN2019RF00015 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[4] Esta cantidad, más la aportación del 86 % de los gastos de materiales, uniformes escolares y comedor escolar, gastos de graduación y gastos de salud de $50.00 o más no cubiertos por el plan médico de los menores.

responsabilidades de la extinta sociedad legal de gananciales, y el procedimiento para la coadministración, avalúo, liquidación y adjudicación de todos los bienes y deudas adquiridas durante el matrimonio.[5]

Luego de varios trámites procesales en el caso CN2019RF00015 sobre custodia, patria potestad y alimentos, los cuales incluyen informes sociales y recomendaciones de la Unidad de Trabajo Social, que no son pertinentes a la controversia ante nuestra consideración, el 27 de octubre de 2023, notificada el 1 de noviembre de 2023, el foro primario emitió una *Resolución*.[6] En esta, por recomendación del Informe de la Examinadora de Pensiones Alimentarias, determinó conceder al Sr. Bodner Vergara unos créditos en concepto del gasto suplementario por vivienda y excesos de los cuales era acreedor.[7] En detalle, el TPI concluyó que el Sr. Bodner Vergara tendría un crédito de $50,748.61, que sería adjudicado desde el mes de noviembre de 2023 hasta que se satisficieran. Es decir, que al Sr. Bodner Vergara le correspondía un pago mensual en concepto de obligación alimentaria de $1,203.73, al cual se le restaría $601.86 en concepto del crédito, quedando así un balance de $601.86 mensuales que tendría que sufragar hasta que culminaran los créditos a su favor. Asimismo, el TPI explicó que al culminarse el crédito acumulado, se restablecería el pago mensual de $1,203.73 por pensión alimentaria.

El 6 de febrero de 2024, la Sra. Del Valle García presentó una *Moción en Cumplimiento de Orden Consignando el Pago de Sanción y en Solicitud de que se dejen sin efecto Sanciones Posteriores y*

---

[5] Véase, la entrada Núm. 1 (*Demanda*), del expediente digital del Caso Núm. CA2022CV03894 en el SUMAC.

[6] Apéndice, págs. 83-94.

[7] El 23 de diciembre de 2022, el TPI aprobó el Informe presentado por la Examinadora de Pensiones Alimentarias. En el informe, no se tomó en consideración el pago de la hipoteca, el cual sería revisado prospectivamente. Véase, la entrada Núm. 135 (*Informe de Pensión Alimentaria*), del expediente digital del Caso Núm. CA2022CV03894 en el SUMAC.

*Honorarios de Abogado* ya que alegó existían dos jueces de la misma jerarquía atendiendo el asunto de los créditos por el pago de hipoteca.[8] De igual manera, arguyó que el Sr. Bodner Vergara tenía en venta el bien inmueble objeto de la liquidación de la comunidad de bienes post ganancial y que con el producto de dicha venta podía obtener cualquier crédito al que tuviese derecho. En cuanto a las sanciones impuestas por el foro primario, señaló que, quien venía llamado a pagar la pensión es el Sr. Bodner Vergara y que esta no actuó de manera frívola ni temeraria, por lo que no procedían dichas sanciones.

Así las cosas, el 27 de febrero de 2024, la Sra. Del Valle García presentó una solicitud de *Relevo de Sentencia.*[9] En su comparecencia, notificó al foro primario que el Sr. Bodner Vergara presentó la misma reclamación (relacionada al valor rentable ante el uso exclusivo de la Sra. Del Valle García de la propiedad inmueble ganancial), en los dos casos que se estaban ventilando en el TPI. Además, solicitó el relevo de la *Resolución* emitida por el TPI el 27 de octubre de 2023, puesto que el Sr. Bodner Vergara había omitido que uno de los hijos cesó las relaciones paternofiliales desde el mes de octubre de 2022, y que no procedía el crédito sobre el pago de la hipoteca, pues la residencia conyugal constituía el hogar seguro del menor, del cual ostenta la custodia monoparental. Añadió que, correspondía que el Tribunal designara la residencia conyugal como hogar seguro, y que, ambas partes pagaran en partes iguales la hipoteca hasta tanto el menor adviniera a la mayoría de edad.

El 4 de marzo de 2024, el Sr. Bodner Vergara *presentó Moción en Cumplimiento de Orden (Réplica a Moción en Cumplimiento de Orden Consignando el Pago de Sanciones y en Solicitud de que se*

---

[8] Apéndice, págs. 34-37.
[9] Apéndice, págs. 46-50.

*Dejen Sin Efecto Sanciones Posteriores y Honorarios de Abogado).*[10] En su comparecencia, negó las alegaciones contenidas en la solicitud de relevo de sentencia presentada por la Sra. Del Valle García. En lo específico, explicó que el asunto de los créditos no se estaba litigando en otro caso civil, sino que se solicitó se tomara conocimiento en cuanto a ello para la liquidación de los bienes gananciales. Además, enfatizó que la defensa de ausencia de capacidad económica de la Sra. Del Valle García, estaba siendo utilizada por esta para no cumplir con sus obligaciones, puesto que con anterioridad pudo evidenciar los gastos de lujo que esta tuvo mientras vivía con los menores, sin pagar la vivienda que alega constituye hogar seguro. Señaló que, la Sra. Del Valle García le informó personalmente que abandonaría la propiedad, y que se iría de la misma para poder ponerla en venta. Finalmente, arguyó que la solicitud de la Sra. Del Valle García para que se dejaran sin efecto las sanciones y honorarios de abogados, era improcedente y temeraria, pues el término para solicitar reconsideración prescribió, por lo que el foro primario no tendría jurisdicción para atenderla.

En respuesta, el 5 de marzo de 2024, la Sra. Del Valle García presentó una *Réplica a Moción en Cumplimiento de Orden (Réplica a Moción en Cumplimiento de Orden Consignando el Pago de Sanciones y en Solicitud de que se Dejen Sin Efecto Sanciones Posteriores y Honorarios de Abogado).*[11] En esta, se limitó a expresar que difería de lo esbozado por el Sr. Bodner Vergara en su moción, ya que éste es quien venía llamado a pagar pensión alimentaria a favor de los menores y que nuevamente realizó reclamaciones sobre créditos que no estaban relacionados al pago de alimentos de los menores, sino a la liquidación de la comunidad de bienes post ganancial.

---

[10] Apéndice, págs. 55-66.
[11] Apéndice, págs. 69-70.

Evaluadas las comparecencias de ambas partes, el 6 de marzo de 2024, notificada el 8 de marzo de 2024, TPI emitió una *Orden*[12], en la cual dispuso lo siguiente:

1. No ha lugar, a todas las solicitudes de la demandada.
2. Primero no ha lugar a dejar sin efecto las sanciones. No se dejarán sin efectos las sanciones ni se reducirán. Ya son finales. La falta de cumplimiento de la señora del Valle es patente.
3. No se dejan sin efecto los honorarios ya que las actuaciones de la señora del Valle entendemos fueron temerarias. No se trata de honorarios de alimentos exclusivamente lo que se atendió en el caso.
4. Los créditos se estuvieron dilucidando por mucho tiempo y se sometieron a amplio debido proceso de ley y estudio. No tiene razón.
5. Siempre se distinguió la competencia de cada sala para cada cosa. La distinción de lo que se estaría atendiendo en la sala de familia y lo que sería materia de la sala de la liquidación, se realizó y discutió. No existe duplicidad en las salas. La señora del Valle ha tenido competentes y varias abogadas que le han asistido en el proceso y se desprende del expediente.
6. Es correcto que los créditos se pueden cobrar en la sala que dilucida la liquidación de la sociedad ganancial. Actos distintos jurídicos y que lo tenemos consciente.
7. Tiene que cumplir con todas las órdenes ya emitidas de honorarios de abogado que ya son finales.
8. Se solicita a Secretaría que haga anotación de que este caso tiene orden de protección en favor del señor Bodner para que se tomen medidas de seguridad. Vigencia hasta julio 2024.
9. Tiene el padre que presentar la orden de protección para que surja en el caso de familia.

El 1 de abril de 2024, el Sr. Bodner Vergara presentó una *Moción en Cumplimiento de Orden y en Solicitud de Honorarios por Temeridad,* en la cual alegó que la conducta de la Sra. Del Valle García era temeraria, pues las alegaciones que presentó eran falsas, incorrectas y ya discutidas por ambas partes, con el fin de postergar el cumplimiento de las órdenes del Tribunal en cuanto a las sanciones y honorarios de abogado.[13] Además, reiteró todo lo alegado en su *Réplica a Moción en Cumplimiento de Orden*, referente al asunto del valor rentable en el caso de liquidación de bienes y al

---

[12] Apéndice, págs. 71-72.
[13] Apéndice, págs. 72-80.

de hogar seguro. Por lo anterior, solicitó al foro primario que decretara No Ha Lugar la solicitud de *Relevo de Resolución*, estableciera temeridad e impusiera honorarios de abogado a favor de éste por no menos de $1,500.00 dólares.

El mismo día, el TPI emitió una *Resolución* en la cual declaró No Ha Lugar el *Relevo de Resolución* presentado por la Sra. Del Valle García.[14] Particularmente, la resolución expuso lo siguiente:

> La parte demandada alega que se están atendiendo procesos similares en la sala de familia y civil. No tiene razón. En este caso se ha realizado todo lo necesario para atender las inquietudes de las dos partes y por mucho tiempo se estuvo discutiendo los créditos y lo que sería materia de esta sala y lo que no. Eso fue atendido en vista y por la letrada anterior y en varias ocasiones.
>
> Tras atender las mociones de ambas partes y examinar el expediente, es forzoso concluir:
> 1. No Ha Lugar la solicitud de la demandada de Relevo de Resolución.
> 2. Se entiende que existe en este planteamiento temeridad de parte de la demandada.
> 3. Se imponen honorarios por temeridad a favor de la parte demandante por cantidad de $700.00. Tiene 30 días para pagarlos.

Inconforme, la Sra. Del Valle García acude ante nos mediante el recurso de epígrafe, y señala la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia al no relevar la Resolución dictada; y por ende, conceder unos créditos relacionados a la liquidación de la comunidad de bienes post ganancial habida entre las partes, hecho que no es parte de las alegaciones de la demanda y se esta ventilando en el caso de *Jean Michael Bodner Vergara v. Cynthia Suheil Del Valle García*, Caso Número CA2022CV03894.
>
> Erró el Tribunal de Primera Instancia al determinar que la recurrente ha sido temeraria en el presente caso.

## II.

## A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones

---

[14] Apéndice, págs. 1-2.

interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[15]

Al ser un recurso extraordinario de carácter discrecional, este solo se expedirá en aquellas instancias específicas que delimita la Regla 52.1 de Procedimiento Civil[16]. La citada Regla establece que el recurso sólo se expedirá cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.[17] Por excepción, y en el ejercicio discrecional del foro apelativo, se podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia.[18] Según lo dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si se determina que el recurso cumple con alguna de las disposiciones de la Regla 52.1, debemos atender la solicitud a la luz de los criterios establecidos en la Regla 40 de nuestro Reglamento[19]. Por tanto, al momento de valorar la actuación del foro inferior, examinaremos lo siguiente:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[15] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.,* 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023).
[16] 32 LPRA Ap. V, R. 52.1.
[17] *Torres González v. Zaragoza Meléndez,* supra.
[18] *Íd.*
[19] 4 LPRA Ap. XXII-B, R. 40.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[20]

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[21] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

Así pues, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[22]

**III.**

En su recurso, la Sra. Del Valle García alega que el foro primario incidió en los siguientes dos asuntos: al no relevar la *Resolución* emitida el 27 de octubre de 2023 y por ende, conceder

---

[20] *Banco Popular de Puerto Rico v. Gómez Alayón*, 2023 TSPR 145, resuelto el 19 de diciembre de 2023.
[21] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).
[22] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986). Véase, además, *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

unos créditos relacionados a la liquidación de la comunidad de bienes post ganancial y al determinar que ésta ha sido temeraria.

En apretada síntesis, lo que la Sra. Del Valle García pretende es que se dejen sin efecto los créditos que se otorgaron a favor del Sr. Bodner Vergara, así como las múltiples sanciones económicas impuestas por el TPI, a pesar de que ella es la madre custodia de uno de los menores y mantiene la custodia compartida del otro menor con el Sr. Bodner Vergara. Asegura que los créditos reclamados por el alegado pago en exceso de la hipoteca de la propiedad deben dilucidarse en el caso CA2022CV03894, sobre la liquidación de comunidad de bienes post ganancial y no en el caso de epígrafe, el cual versa sobre divorcio, alimentos, custodia y patria potestad.

Ante la controversia, el TPI en el ejercicio de su discreción y mediante *Resolución*, determinó que no procedían las alegaciones de la Sra. Del Valle García, por lo que declaró No Ha Lugar el relevo de resolución presentada y le impuso honorarios por temeridad ascendientes a $700.00. Al la Sra. Del Valle García no rebatir las alegaciones del Sr. Bodner Vergara en cuanto a los créditos sobre la hipoteca de la propiedad, y limitarse a mencionar que correspondía al Sr. Bodner Vergara pagar lo correspondiente a la pensión alimentaria y propiedad, el TPI concluyó que no era suficiente para no otorgar los referidos créditos, y determinó establecer las cuantías para acreditarle los pagos en exceso que realizó el Sr. Bodner Vergara. Coincidimos con el dictamen del TPI.

De un análisis detallado del expediente, concluimos que la Sra. Del Valle García no presentó argumentos que demostraran que, al emitir su determinación, el TPI actuó de forma arbitraria o caprichosa, o en abuso de su discreción o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho al declarar No Ha Lugar la solicitud de relevo de resolución

y determinar que los créditos en favor del Sr. Bodner Vergara procedían.

Tampoco encontramos que al emitir su determinación el TPI hubiese actuado con el prejuicio o una situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. De igual manera, no se demostró que, intervenir en esta etapa, evitaría un perjuicio sustancial contra cualquiera de las partes. Menos aún se trata de un asunto que revista un interés público. Por lo antes esbozado y en el ejercicio de nuestra discreción al amparo de los criterios que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, y ante dicho escenario, concluimos que no procede nuestra intervención sobre el dictamen interlocutorio recurrido. El ejercicio de las facultades discrecionales del foro de primera instancia merece nuestra deferencia.

**IV.**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari*.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones